On the Merits.
Appellant asks that it be decreed by this court that the dative executor appointed by the judge of the district court is not the testamentary executor of the estate of M. A. Dauphin; that the estate is closed; that the account be disallowed and rejected, and “all rights of appearer, as against this executor, individually, and as so-called dative testamentary executor, be reserved to her.”
From the point of view heretofore expressed by the court, in decision cited infra, the appellee could not be appointed dative executor. From the view heretofore expressed in said decision, our conclusion is not only the unavoidable result of the situation, but it is, in terms, said in the case heretofore decided that, under the issues as presented, there was no good ground for an appointment of dative executor. The court held heretofore that the judgment which had discharged the dative executor stood in the way of another appointment of a dative executor; that it was neces"sary, to attack and set aside the judgment before Mrs. Dauphin, dative executrix, could be called upon to account, or before the succession could be reopened and a dative executor appointed.
The court said, in substance, in the case to which we refer, that the purppse as expressed in the original petition was to conduct the litigation as a distinct suit for the recovery of one-half of the property which they claim; that a specific demand was made for particular property. Succession of M. A. Dauphin, 112 La. 103, 36 South. 287.
In the original petition in the suit just cited, the issues raised were as to whether *213 the property had not been acquired by the first community, and whether a compromise which had been entered into by a number of heirs, named, on the one part, and Mrs. M. A. Dauphin, on the other, was legal and binding; also for a judgment fixing what property belonged to the first community.
The supplemental petition in that ease substantially raised the same question, with the additional ground of attach that the judgment itself mentioned was null, and, in consequence, the discharge of the executor also; that the succession had not been closed; and that the executor should be destituted. The supplemental petition was dismissed for inconsistency with the original petition, and the points which the original petition-raised were decided adversely to the plaintiff in that suit, at whose instance the dative executor, Smith, was appointed by the district court.
We will here state that the heirs of Mrs. Barbara Fauti Dauphin, who was the mother of Dr. Dauphin, filed a petition of intervention, and on the same day plaintiff filed a supplemental petition.
The court held in the case cited above that the second supplemental petition should not have been allowed to be filed, as it changed the issues.
After setting forth the original petition in extenso, the court sustained the defense to an extent that renders it impossible, in law, to sustain the appointment of a second executor at the present time and in the present state of the proceeding. '
The whole trend of the decision, in effect, is against such an appointment and a second administration. The court’s insistence is that the proceedings cannot be passed over as attempted by plaintiffs in the cited suit.
In the face of the pronouncement of the court, we cannot maintain the appointment of a second executor. His appointment must fall. It carries his provisional account its well.
To sustain that which we have just stated regarding the effect of the decision rendered by this court, we insert a few excerpts from the decision:
“In this first amended petition there was not a word said of annulling or setting aside the judgment by which the executors of the succession of Dauphin had been discharged and the succession closed, and it is hardly necessary to say that the setting aside of this judgment ivas a condition precedent to the demand for a further accounting from Mrs. Dauphin.” Italics ours.
And of this judgment the court further on says “that this judgment is res judicata of the present suit, and must operate as a bar to it, unless set aside in an action of frahd.” The court sustains the plea of prescription, and rejects plaintiffs’ demand, and dismisses the intervention without prejudice.
The proceedings now before us were ancillary to the main suit, to which we have referred at some length.
Under the issues as made up, it must follow the main suit, as it falls within its grasp.
The decision cited supra is the law of the case. It has passed into the body of jurisprudence. As all others, it will have to stand the test of time and experience.'
In the meantime it behooves all concerned to give it the weight and respect due to a final decision.
For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that Harvey W. Smith is not dative executor of the succession of M. A. Dauphin, and his appointment was null ab initio, and his account is not allowed. It is rejected as null, and all of appellant’s rights against Harvey W. Smith, asserted dative testamentary executor, are reserved.